IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SIMRANPREET SINGH,<br><br>Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, St. Paul Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO), et al.,<br><br>Respondents. | 4:26-CV-3057<br><br>ORDER |

This matter is before the Court on the government's response (filing 6) to the Court's order to show cause (filing 3) regarding the petitioner's petition for writ of habeas corpus (filing 1). For the most part, the government's response relies on familiar arguments concerning 8 U.S.C. §§ 1225 and 1226, which the Court finds unpersuasive for the reasons explained in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026).

The question, then, is the appropriate remedy: Whether to order the government to afford the petitioner a bond hearing, or order his outright release. That question depends on the specific facts of the case. *See, generally*, *Cadillo Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304 (D. Neb. Feb. 18, 2026). And here, the petition and the response leave the Court with questions about those facts.

Specifically, the petition alleges that the petitioner is a citizen of India who arrived in the United States in December 2022. Filing 1 at 3-4. The government agrees. Filing 6 at 3. The government adds that the petitioner was encountered by the Border Patrol shortly after crossing the border, and was paroled into the United States. Filing 6 at 3. That parole expired on March 1,

2023. Filing 6 at 3. And, the government says, the petitioner was detained by immigration authorities after a traffic stop in Iowa on November 19, 2025, and served with an administrative warrant and a notice to appear in immigration court. Filing 6 at 4; filing 6-1; filing 6-2.

What happened between March 1, 2023 and November 19, 2025 is unclear. The facts the Court does have present more questions than answers. Despite the expiration of the petitioner's parole, the government says he filed an application for asylum and withholding of removal on April 3, 2023, which remains pending. Filing 6 at 4. And attached to the petition is a copy of what appears to be an employment authorization card for the petitioner, valid from October 20, 2023 until October 19, 2028. Filing 1-1 at 2.

What doesn't make sense would be issuing an employment authorization card to a person who didn't have permission of *some kind* to be in the United States. It could be that the petitioner's parole expired, he filed an affirmative asylum claim without any intervening contact with authorities, and obtained a work authorization based on his asylum application, without anyone making a decision one way or the other whether he should be detained pending a decision on that claim. But it's also possible something is missing from the information before the Court, and that the petitioner had some other status. And that makes a difference because various forms of parole or conditional release confer legal rights that must be respected. *E.g. Duarte Salazar v. Noem*, No. 26-CV-1040, 2026 WL 381889, at *2 (D. Minn. Feb. 11, 2026).

That the petitioner seems to have received employment authorization, but it wasn't mentioned in the return, leads the Court to wonder what else may not have been mentioned. The Court finds it hard to escape the possibility that something is missing from the government's return. Accordingly,

IT IS ORDERED:

1. On or before **February 24, 2026**, the government shall supplement its return to the petition, including:

   a. Records of the proceedings in the petitioner's April 3, 2023 asylum claim,

   b. Records of any removal proceedings regarding the petitioner initiated prior to November 19, 2025, and

   c. Information regarding any parole, release on recognizance, withholding for removal, or any similar permission to remain in the United States, made available to the petitioner between March 1, 2023 and November 19, 2025.

2. If no such additional records or information are available, the government shall submit a declaration to that effect, made under penalty of perjury, from an official competent to make such a statement.

3. The petitioner may reply in support of his petition on or before February 25, 2026.

Dated this 22nd day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge